UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RYON WASHINGTON

         Plaintiff,

-against-

THE CITY OF NEW YORK, and
DETECTIVE BERNARD DIXON

         Defendants.

Civil Action No. CV 15 0099

COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTION STATEMENT

1. This is a civil action seeking to redress violations of plaintiff's rights under the Constitution and laws of the United States and the State of New York for defendants' conduct in falsely arresting him, fabricating evidence against him, malicious persecuting him, for failure to intercede to prevent an unlawful arrest, and for failure to adequately train, supervise, control and discipline police officers.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C.A. sections 1983 and 1988 and the Equal Protection clause to the United States Constitution. Plaintiff also invokes this Court's supplemental jurisdiction to assert claims under Article I, Section 12 of the New York State Constitution, Section 8 of the New York Civil Rights Law and the State law claims of malicious persecution and false imprisonment.

3. This Court has jurisdiction pursuant to 28 U.S.C.A. Sections 1331 and 1343, since this claim arises under the Constitution and laws of the United States and since defendants acted under color of state law.

## VENUE

4. Venue lies in this District pursuant to 28 U.S.C.A. Section 1391(b) (2) since the events giving rise to the claim occurred in the Eastern District of New York.

## PARTIES

5. Plaintiff is a resident of Brooklyn, New York. At the time of the event alleged, he resided in the city of Brooklyn in Kings County in the state of New York.

6. The defendant, The City of New York is a municipality in the State of New York, and employs the defendant Detective Bernard Dixon (hereinafter "Detective Dixon"), and the actions and / or conduct of the officers complained of herein were done as part of the custom, practice, usage, regulation and / or direction of the City of New York.

7. Defendant Detective Dixon is a New York Police Officer who is being sued in his individual and official capacity.

## FACTUAL ALLEGATIONS

8. On April 4, 2013, at about 10:50 p.m., the Plaintiff was in front of the premises 395 Livonia Avenue, Brooklyn, New York, when his ex-girl friend, Malissa Vaughn, ran up to him and punched him on his mouth.

9. Ms. Vaughn also broke the plaintiff's eye glasses he was wearing, and had thrown them on the ground.

10. As the plaintiff bent down to pick up the eye glasses, defendant Detective Dixon who had been watching with a lieutenant, what had happened to the plaintiff, approached the plaintiff and Ms. Vaughn, and arrested them.

11. Subsequently, defendant Detective Dixon prepared a false report that plaintiff held Ms. Vaughan against a van, had repeatedly punched her, and that Ms. Vaughan had sustained a laceration, redness, and a swelling around her eye as a result of the plaintiff punching her.

12. Defendant Detective Dixon initiated a prosecution of the plaintiff predicated on this manufactured evidence.

13. Defendant Detective Dixon charged and caused the plaintiff to be charged with assault and attempted assault in the 3rd degree, menacing in the 3rd degree, and Harassment in the 2nd degree.

14. Furthermore, defendant Detective Dixon falsely alleged and deliberately manufactured false evidence at the precinct that after the plaintiff had been arrested, he, defendant Detective Dixon found 17 ziplock bags of crack/cocaine with the plaintiff.

15. Predicated on this manufactured evidence regarding the ziplock bags, defendant Detective charged and caused the plaintiff to be charged with Criminal Possession of a Controlled Substance in the 3rd degree, and Criminal Possession of a Controlled Substance in the 7th degree.

16. The charges against the plaintiff were false, intentional, reckless and in bad faith and the defendants had knowledge of the lack of any legitimate cause or justification for the charges.

17. As a result of the conduct of the defendants, the plaintiff had to attend court on two different occasions, and had to spend 5 days in jail.

18. On October 25, 2013, all of the charges were dismissed.

19. As a direct and proximate result of the conduct of the defendants, the plaintiff had suffered, and continues to suffer mental and emotional distress, injury to health, well-being and feelings.

## AS A FIRST CAUSE OF ACTION:
False Arrest Against all Defendants

20. Plaintiff hereby restates paragraphs 1-19 of this Complaint, as though fully set forth below.

21. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. Section 1983 by falsely arresting him.

## AS A SECOND CAUSE OF ACTION:
Fabrication of Evidence Against all Defendants

22. Plaintiff hereby restates paragraphs 1-21 of this Complaint, as though fully set forth below.

23. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's right to a fair trial under 42 U.S.C.A Section 1983 by fabricating evidence that plaintiff held Ms. Vaughan against a van, had repeatedly punched her, and that Ms. Vaughan had sustained a laceration, redness, and a swelling around her eye as a result of the plaintiff punching her.

## AS A THIRD CAUSE OF ACTION:
Fabrication of Evidence Against all Defendants

24. Plaintiff hereby restates paragraphs 1-23 of this Complaint, as though fully set forth below.

25. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's right to a fair trial under 42 U.S.C.A Section 1983 by fabricating evidence that after the plaintiff had been arrested, he, defendant Detective Dixon found 17 ziplock bags of crack/cocaine with the plaintiff.

## AS A FOURTH CAUSE OF ACTION:
Malicious Prosecution Against all Defendants

26. Plaintiff hereby restates paragraphs 1-25 of this Complaint, as though fully set forth below.

27. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. section 1983 by maliciously prosecuting him for assault.

## AS A FIFTH CAUSE OF ACTION:
Malicious Prosecution Against all Defendants

28. Plaintiff hereby restates paragraphs 1-27 of this Complaint, as though fully set forth below.

29. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. section 1983 by maliciously prosecuting him for attempted assault in the 3rd degree.

## AS A SIXTH CAUSE OF ACTION:
Malicious Prosecution Against all Defendants

30. Plaintiff hereby restates paragraphs 1-29 of this Complaint, as though fully set forth below.

31. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. section 1983 by maliciously prosecuting him for menacing in the 3rd degree.

## AS A SEVENTH CAUSE OF ACTION:
Malicious Prosecution Against all Defendants

32. Plaintiff hereby restates paragraphs 1-31 of this Complaint, as though fully set forth below.

33. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. section 1983 by maliciously prosecuting him for Harassment in the 2nd degree.

## AS A EIGHTH CAUSE OF ACTION:
Malicious Prosecution Against all Defendants

34. Plaintiff hereby restates paragraphs 1-33 of this Complaint, as though fully set forth below.

35. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. section 1983 by maliciously prosecuting him for Criminal Possession of a Controlled Substance in the 3rd degree.

## AS A NINTH CAUSE OF ACTION:
Malicious Prosecution Against all Defendants

36. Plaintiff hereby restates paragraphs 1-35 of this Complaint, as though fully set forth below.

37. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. section 1983 by maliciously prosecuting him for Criminal Possession of a Controlled Substance in the 7th degree.

## AS A TENTH CAUSE OF ACTION:
Failure to Adequately Train, Supervise, Control and Discipline Against Defendant The City of New York

38. Plaintiff hereby restates paragraphs 1-37 of this Complaint, as though fully set forth below.

39. Defendant The City of New York violated plaintiff's rights under 42 U.S.C.A. section 1983 by failing to adequately train, supervise, control and discipline defendant Detective Dixon.

## AS A ELEVENTH CAUSE OF ACTION:
Failure to intercede to Prevent an Unlawful Arrest Against all Defendant The City of New York

40. Plaintiff hereby restates paragraphs 1-39 of this Complaint, as though fully set forth below.

41. Defendant The City of New York through its agent violated plaintiff's rights under the Fourth Amendment and 42 U.S.C.A. section 1983 by the lieutenant's failure to intervene, as defendant Detective Dixon arrested the plaintiff under circumstances indicating clear lack of probable cause, and as defendant Detective Dixon falsified records, and made false allegations against the plaintiff.

## AS A TWELFTH CAUSE OF ACTION
False Imprisonment Against all Defendants

42. Plaintiff hereby restates paragraphs 1-41 of this Complaint, as though fully set forth below.

43. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the New York State Constitution by falsely imprisoning him.

### AS A THIRTEENTH CAUSE OF ACTION:
New York State Malicious Prosecution Against all Defendants

44. Plaintiff hereby restates paragraphs 1-43 of this Complaint, as though fully set forth below.

45. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him for assault.

### AS A FOURTEENTH CAUSE OF ACTION:
New York State Malicious Prosecution Against all Defendants

46. Plaintiff hereby restates paragraphs 1-45 of this Complaint, as though fully set forth below.

47. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him for attempted assault in the 3rd degree.

### AS A FIFTEENTH CAUSE OF ACTION:
New York State Malicious Prosecution Against all Defendants

48. Plaintiff hereby restates paragraphs 1-47 of this Complaint, as though fully set forth below.

49. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him for menacing in the 3rd degree.

### AS A SIXTEENTH CAUSE OF ACTION:
New York State Malicious Prosecution Against all Defendants

50. Plaintiff hereby restates paragraphs 1-49 of this Complaint, as though fully set forth below.

51. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him for Harassment in the 2nd degree.

### AS A SEVENTEENTH CAUSE OF ACTION:
New York State Malicious Prosecution Against all Defendants

52. Plaintiff hereby restates paragraphs 1-51 of this Complaint, as though fully set forth below.

53. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him for Criminal Possession of a Controlled Substance in the 3rd degree.

### AS A EIGHTEENTH CAUSE OF ACTION:
New York State Malicious Prosecution Against all Defendants

54. Plaintiff hereby restates paragraphs 1-53 of this Complaint, as though fully set forth below.

55. Defendant The City of New York through its agents, and defendant Detective Dixon violated plaintiff's rights under the New York State Constitution by maliciously prosecuting him for Criminal Possession of a Controlled Substance in the 7th degree.

**WHEREFORE**, Plaintiff respectfully requests judgment against the defendants as follows:

a. Compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs; and

b. Such other and further relief as may be just and proper.

Dated: Brooklyn, New York
January 8, 2015

Respectfully submitted,

_____
Da'Tekena Barango-Tariah, Esq.
25 Bond Street, 2nd Floor
Brooklyn, New York 11201
(718) 625 4200